UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 20-2192 MWF (MRW) | Date | December 3, 2020 |
|---|---|---|---|
| Title | Ventress v. Kilgore | | |

| Present: Hon. | Michael R. Wilner | | |
|---|---|---|---|
| | Veronica Piper | | n/a |
| | Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: | |
| | None present | | None present |

**Proceedings:**  ORDER RE: SCREENING OF COMPLAINT

This is a civil rights action. Plaintiff, a self-represented litigant, filed a 40+ page complaint (plus various exhibits) that appears to seek redress from various state agencies that administer child support or child welfare in California, Texas, and North Carolina.

Plaintiff paid the filing fee when he initiated the action. Nevertheless, the Court preliminarily screened the complaint pursuant to 28 U.S.C. § 1915(e)(2). That statute allows a court to dismiss a case or claim at any time (even if the litigant paid the filing fee in full) if an action does not plead claims with adequate specificity, seeks monetary relief from immune parties, or otherwise does not comply with the law.

Based on the Court's review of Plaintiff's Complaint, IT IS HEREBY ORDERED that Plaintiff will show cause why the action should not be dismissed for the following reasons:

- *Federal Rule of Civil Procedure 8* – Rule 8 requires a party to plead "a short and plain statement of the claim showing that the pleader is entitled to relief" from a defendant. However, the rambling civil complaint consists primarily of lengthy conclusory statements, snippets of legal terminology, and assertions unrelated to Plaintiff's purported substantive claims. It is not a "short and plain statement" in the manner of an understandable civil complaint.

- *No Plausible Claim* – A complaint may be dismissed under Federal Rule of Civil Procedure 12 for failure to state a claim based on the lack of a cognizable legal theory or the absence of facts alleged under such a theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 20-2192 MWF (MRW) | Date | December 3, 2020 |
|---|---|---|---|
| Title | Ventress v. Kilgore | | |

complaint must contain enough facts to establish a "plausible" entitlement to relief that is more than merely speculative. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plaintiff's complaint fails to clearly and concisely allege facts against any of the specifically-named defendants.

- *Sovereign Immunity* – The Eleventh Amendment to the U.S. Constitution and general principles of sovereign immunity prohibit suing a state or state agency in federal court. The U.S. Supreme Court "has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." Edelman v. Jordan, 415 U.S. 651, 662-63 (1974). The immunity of states from lawsuits is a "fundamental aspect of the sovereignty which the states enjoyed before the ratification of the Constitution and which they retain today." Alden v. Maine, 527 U.S. 706, 713 (1999) (analyzing "the Constitution's structure, its history," and extensive Supreme Court precedent"). Plaintiff's complaint facially seeks relief against various state officials and agencies. The action is clearly barred by sovereign immunity.

- *Criminal Statutes* – Federal criminal statutes do not allow for private causes of action by a civil litigant. See, e.g., Town of Castle Rock, Colo. v. Gonzales, 545 U.S. 748, 767 n.12-13 (2005) (private citizen "lacks a judicially cognizable interest" under federal statute criminalizing conduct); Allen v. Gold Country Casino, 464 F.3d 1044 (9th Cir. 2006) (federal criminal provision does not give rise to civil liability or cause of action; dismissal of complaint required). To the extent that Plaintiff relies on civil rights provisions from the federal criminal code [18 U.S.C. § 242 and 245 (Docket # 1 at 20)], those statutes will not support any private right of action.

- *Venue* – 28 U.S.C. § 1319(b) provides that a litigant may bring a civil action in the federal judicial district in which all defendants reside, or in the district in which "a substantial part of the events" underlying the claims occurred. Plaintiff's conclusory claims – especially against the Texas and North Carolina parties – are far too unclear to lead to a finding that venue of Plaintiff's claims against them is appropriate in Southern California.

* * *

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SA CV 20-2192 MWF (MRW) | Date | December 3, 2020 |
|---|---|---|---|
| Title | Ventress v. Kilgore | | |

Plaintiff is therefore ordered to show cause why this action should not be dismissed before service on any party. Plaintiff may discharge this order by submitting (a) an explanation (not to exceed five pages) citing appropriate authority that supports the validity of each of the claims plus (b) a First Amended Complaint that complies with the Federal Rule of Civil Procedure. Plaintiff's submission will be due by January 4, 2021.

**Alternatively**, Plaintiff may voluntarily dismiss the action in its entirety with no further consequence.

**Failure to comply with this order will result in a recommendation that the action be dismissed pursuant to Federal Rule of Civil Procedure 41(b). Applied Underwriters, Inc. v. Lichtenegger**, 913 F.3d 884 (9th Cir. 2019).