# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

MARTIN VENTRESS,

      Plaintiff,

v.

DIRECTOR DAVID KILGORE, CALIFORNIA DCSS, et al.,

      Defendants.

Case No. SA CV 20-2192 MWF (MRW)

**ORDER DISMISSING ACTION WITHOUT LEAVE TO AMEND**

    The Court dismisses this civil action as frivolous, for failure to state a cause of action upon which relief may be granted, and for failure to comply with court orders.

\* \* \*

    1.    Plaintiff, a self-represented litigant, filed this civil action seeking redress against child support or child welfare obligations that he owes in California, Texas, and North Carolina. (Docket # 1.)

    2.    Plaintiff paid the filing fee when he initiated the action. However, Magistrate Judge Wilner screened the original complaint

pursuant to 28 U.S.C. § 1915(e)(2).  (Docket # 5.)  That statute allows a court to dismiss a case or claim at any time (even if the litigant paid the filing fee in full) if an action does not plead claims with adequate specificity, seeks monetary relief from immune parties, or otherwise does not comply with the law.

3. Judge Wilner concluded that the original complaint was subject to dismissal due to various defects.  (Id.)  In the screening order, the magistrate judge observed that: (a) the rambling complaint was not a "short and plain statement of the claim" as required by Federal Rule of Civil Procedure 8; (b) Plaintiff sought relief against state agencies and officials that were protected by sovereign immunity; (c) the complaint failed to state facts sufficient to state a recognizable cause of action against any specific defendant; (d) Plaintiff improperly relied on criminal statutes to pursue civil relief; and (e) as to the Texas and North Carolina defendants, the complaint failed to assert a non-conclusory basis for venue in this California court.

4. Judge Wilner gave Plaintiff leave to amend the complaint. (Docket # 5 at 3.)  Plaintiff filed a document that he described as an amended complaint.  (Docket # 6.)  However, it did not cure the obvious defects with Plaintiff's original pleading.  (Docket # 7.)  The second screening order expressly informed Plaintiff that any amended complaint must "be complete in and of itself without reference to the original complaint or any other pleading, attachment, or document."  (Id. at 2.)

\* \* \*

5. Presently before the Court is Plaintiff's "First Amended Complaint."  (Docket # 8.)  The 32-page document is comprised of a lengthy complaint, a 10-page "affidavit of truth," and various UCC filings and trust

2

1   documents. The amended complaint names or identifies no recognizable
2   defendant. It continues to assert unintelligible and rambling allegations
3   regarding federal law, Plaintiff's former marriage, and conclusory
4   statements about fraud and emotional distress.

5       6.    A complaint may be dismissed for failure to state a claim based
6   on the lack of a cognizable legal theory or the absence of facts alleged under
7   such a theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th
8   Cir. 1990). A complaint must contain enough facts to establish a
9   "plausible" entitlement to relief that is more than merely speculative.
10  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A pleading will be rejected if it
11  offers labels, conclusions, or a formulaic recitation of the elements of a
12  cause of action. Id.

13      7.    Plaintiff's action must be dismissed for failing to present any
14  coherent claim for relief. In neither his original complaint nor his amended
15  pleading does Plaintiff offer any facts or comprehensible information to
16  support the contention that he is entitled to any relief against any state
17  child protection agency. As a result, the complaints patently fail to state a
18  claim upon which relief could plausibly be granted. Iqbal, 556 U.S. at 678.
19  And, despite the detailed screening orders from the magistrate judge,[1]
20  Plaintiff appears to continue to improperly assert claims that are barred by
21  sovereign immunity principles, are reliant on federal criminal statutes, and
22  have no connection to this judicial district.

23                        \* \* \*

24      8.    A pro se litigant is ordinarily entitled to amend a defective
25  complaint in an effort to state a proper claim for relief. Lopez v. Smith, 203
26  F.3d 1122 (9th Cir. 2000). However, this rule does not apply when "the

---

[1] The legal analysis in the screening orders at Docket # 5 and 7 are incorporated into this dismissal determination.

basic facts are alleged and have been analyzed" from a litigant's pleadings and it is apparent that that Plaintiff "cannot cure the flaws" in his claims. Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002).

9. Additionally, Federal Rule of Civil Procedure 41(b) provides that if a plaintiff fails "to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010). Additionally, a court should consider the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives in its evaluation. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

10. The Court concludes that these factors warrant dismissal of the action without further leave to amend. Plaintiff previously received detailed screening orders explaining the obvious defects with his pleadings. He failed to cure those flaws, and continued to assert his improper and unintelligible claims. There is no reason to allow further amendment. Lopez, 203 F.3d 1122. Further, the public, the court, and any to-be-served defendant are entitled to be free of such frivolous litigation. In three attempts at pleading a claim, Plaintiff offered no non-speculative basis to conclude that he has any cognizable legal claim against any state agency. No remedy short of dismissal will be appropriate to advance the disposition of the case. Omstead, 594 F. 3d at 1084; Carey, 856 F.2d at 1440.

Therefore, the present action is hereby DISMISSED without leave to amend.

IT IS SO ORDERED.

Dated: February 19, 2021

_____
MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE